UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARL HOFFMAN,**<br>35 Florida Ave., NW<br>Washington, DC 20001<br>   *Plaintiff*,<br><br>   v.<br><br>**INTERNAL REVENUE SERVICE**,<br>1111 Constitution Ave., NW<br>Washington, DC 20224<br>   *Defendant*. | Civil Action No. |

## COMPLAINT

1. This lawsuit is an action under the Freedom of Information Act, 5 U.S.C. §552, et seq., seeking production of records responsive to a request submitted by journalist Carl Hoffman to the United States Internal Revenue Service.

### JURISDICTION AND VENUE

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendants under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

3. Venue is appropriate in this Court under 5 U.S.C. §(a)(4)(B) and 28 U.S.C. §1391.

### PARTIES

4. Carl Hoffman is a journalist based in Washington, D.C. He has authored five books, served as a contributing editor at *Wired* magazine, *National Geographic Traveler*, and *Popular Mechanics*, and been published by outlets including *The Washington Post*, *The New York Times Magazine*, *Outside*, *Smithsonian*, *Men's Journal*, and *National Geographic Adventure,* among others.

5. The Internal Revenue Service is the revenue service for the United States and is responsible for collecting federal taxes and administering the Internal Revenue Code. As part of its mission, the IRS has a Criminal Investigation division that investigates potential criminal violations of the Internal Revenue Code and related financial crimes.

### FACTS

6. Mr. Hoffman is under contract to Mariner/HarperCollins publishers to write a book about the criminal case of Carlos Rafael, a Massachusetts man who was investigated by the IRS Criminal Investigation division and prosecuted by the Department of Justice for various crimes related to the mislabeling of fish to evade federal quotas.

#### Mr. Hoffman's FOIA request for the documents

7. As part of his efforts, on January 6, 2025, Mr. Hoffman submitted a FOIA request through the IRS FOIA Public Access Portal, as directed by IRS on its website, https://foiapublicaccessportal.for.irs.gov/app/Home.aspx.

8. The request asked for access to and copies of "all IRS and IRS Criminal Investigative records pertaining to U.S. Criminal Case No. 16-cr-10124-WGY, including transcripts and/or recordings by IRS/CI agents on May 22, 2015, June 18, 2015, October 15, 2015, October 20, 2015, January 13, 2016, January 20, 2016, January 26, 2016, and February 24, 2016."

9. On January 16, 2025, IRS notified Mr. Hoffman that it was denying his request "because the scope… extends to records, to the extent that any exist, that consist of or contain the return information of a third party."

10. IRS cited Exemption 3 and asserted 26 U.S.C. § 6103 as the sole basis for denying Mr. Hoffman's request in its entirety.

11. While the agency's denial focuses on a perceived request for third-party tax return information, the plain language of Mr. Hoffman's request seeks non-return information, including, but not limited to, transcripts or recordings made by IRS criminal investigators in a specific, closed prosecution, which IRS cited no authority for withholding.

12. Further, IRS made no attempt to address the non-return portions of Mr. Hoffman's request, instead electing to characterize the entirety of it as seeking third-party return information.

13. On April 11, 2025, Mr. Hoffman, by counsel, appealed IRS' final determination in writing by sending his written appeal to the IRS Independent Office of Appeals by Certified U.S. Mail at 3211 S. Northpointe Drive, M/S 55202, Fresno, CA 93725 and by fax at (877) 891-6035.

14. On May 1, 2025, the IRS Independent Office of Appeals notified Mr. Hoffman that it had "determined that a reasonable and adequate search was conducted and that the denial of the request met the exemption cited by the service."

## CAUSE OF ACTION

15. The IRS wrongly withheld documents responsive to Mr. Hoffman's FOIA request.

16. Mr. Hoffman has a statutory right to the records he seeks.

17. By failing to provide responsive documents, IRS has violated FOIA.

## REQUESTED RELIEF

Mr. Hoffman therefore respectfully requests that this Court:

1. Declare that the records sought by Mr. Hoffman are subject to FOIA,

2. Declare that Mr. Hoffman is entitled to a fee waiver,

3. Order IRS to disclose the requested records,

4. Award costs and reasonable attorneys' fees under 5 U.S.C. § 552 (a)(4)(E), and

5. Grant any other relief that the Court considers just and proper.

Respectfully submitted,            /s/ Deborah M. Golden
                                   Deborah M. Golden, D.C. Bar #470578
                                   The Law Office of Deborah M. Golden
                                   700 Pennsylvania Ave. SE, 2nd Floor
                                   Washington, D.C.  20003
                                   Telephone: (202) 630-0332
                                   dgolden@debgoldenlaw.com

                                   *Counsel for Plaintiff*